IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VICTORIA SMALL, on behalf of herself
and those similarly situated                                      PLAINTIFF

VS.                                                   CASE NO.: 3:17cv031-MPM-JMV

PANOLA COUNTY BOARD
OF SUPERVISORS                                                    DEFENDANT

---

**COMPLAINT and DEMAND FOR JURY TRIAL**
(Collective Action Complaint)

---

COMES NOW Plaintiff, Victoria Small ("Plaintiff"), on her own behalf and on behalf of those similarly situated (collectively "Plaintiffs"), files this action against files this action against Defendant, the Panola County Board of Supervisors, for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought by Plaintiff under the FLSA to recover overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendant.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Panola County, Alabama.

## PARTIES

8. At all material times hereto, Plaintiff was and continues to be a resident of Quitman County, Mississippi who works for Defendant in Panola County, Mississippi.

9. Plaintiff is an employee of Defendant and worked as a 911 dispatcher and performed related activities for Defendant in Panola County, Mississippi.

10. At all material times hereto, Defendant, Panola County Board of Supervisors operates and conducts business in Panola County, Mississippi.

## COVERAGE

11. At all material times hereto (2014 - 2017), Plaintiff was an "employee" within the meaning of the FLSA.

12. At all material times hereto (2014 - 2017), Defendant was the "employer" within the meaning of the FLSA.

13. At all material times hereto (2014 - 2017), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all material times hereto (2014 - 2017), Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all material times hereto (2014 - 2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16. At all material times hereto (2014 - 2017), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

17. At all material times hereto (2014 - 2017), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

18. At all material times hereto (2014 - 2017), the work performed by Plaintiff was directly essential to the operations performed by Defendant.

19. At all material times hereto (2014 - 2017), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

20. Plaintiff, Victoria Small, worked as a 911 dispatcher for Defendant.

21. Plaintiff worked in this capacity from approximately June 1, 2005 through the present.

22. Plaintiff was paid a salary of $2,425.00 per month in exchange for work performed.

23. Plaintiff was employed as a 911 dispatcher by Defendants and provided such services on behalf of Defendant.

24. Panola County E-911 provides law enforcement and public safety services for the area within Panola County, Mississippi.

25. Defendant, Panola County Board of Supervisors is the governing authority for Panola County and establishes and maintains FLSA classification, pay and time policies for Panola County employees.

26. Plaintiff worked well over forty (40) hours per work week.

27. Plaintiff typically worked twenty-four (24) one week and sixty (60) hours the next.

28. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty (40) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the class members performed the same or similar job duties as one another in that they provided dispatched services for Defendant.

30. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate of pay and they were not compensated at a rate of at least time-and-one-half their regular rate of pay for some hours worked in excess of forty (40) hours in a workweek during the time period that they were employed; therefore, the class members are owed overtime wages for the same reasons as Plaintiff.

31. Defendant's failure to compensate employees properly as required by the FLSA results from a policy and/or practice of failure to ensure that E-911 dispatchers are paid for any overtime hours worked over forty (40) hours in a workweek.

32. These policies or practices were applicable to Plaintiff and the class members.

33. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

34. Rather, the same policies and/or practices, which resulted in the non-payment of overtime to Plaintiff, applies to all class members.

35. Accordingly, the class members are properly defined as:

> All E-911 dispatchers who worked for Defendant within the last three (3) years who were not compensated at a rate of time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

36. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

37. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

38. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

39. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

42. Plaintiff worked well over forty (40) hours per work week.

43. Plaintiff typically worked between approximately forty-six (46) and fifty (50) hours per week.

44. Despite working more than forty (40) hours per week Defendant failed to pay Plaintiff overtime compensation at a rate of time and a half her regular rate of pay for hours worked over forty (40) per week.

45. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

46. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs

48. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

49. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by her for which the Defendant did not properly compensate her, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

50. Plaintiffs demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Victoria Small, respectfully requests that judgment be entered in her favor against Defendant, Panola County Board of Supervisors:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

DATED, this the 14th day of February, 2017.

Respectfully submitted,

VICTORIA SMALL, PLAINTIFF

*/s/ Christopher W. Espy*
Christoper W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF